CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER E. WILSON, ) | |
| Plaintiff, ) | Civil Action No. 7:24-cv-00563 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| KIMBERLY HAUG, *et al.*, ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

The plaintiff, Christopher E. Wilson, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Wilson was a Virginia inmate proceeding *pro se* at the time this action was filed. Wilson sued five defendants, and four of them have been served and appeared in this action. Before the court are motions to dismiss filed by four of the defendants. (Dkt. Nos. 17, 27.) Plaintiff did not respond to these motions, which will be granted. In addition, Wilson's claims against the non-appearing defendant will also be dismissed.

I. BACKGROUND

Plaintiff's complaint alleges that he was detained at the New River Valley Regional Jail. Wilson claims that the "administration" at the jail "refused it[s] obligation to take me to court, after having received a order from the Floyd[] County Court[] to deliver me." (Compl. 2.) Wilson also stated, "Destroying 5 phones that were valued at 180,000,000$ and irreplaceable, authenticated by F.B.I. investigation report, noting nothing illegal in phone." (*Id.*) Wilson asks for his "imminent release" and monetary damages for the destroyed phones.

Wilson has sued five defendants that are listed in the caption of the complaint: Kimberly Haug, Derek Trenar, Daniell O'Dell, Judge Fleenor, and Benard. Haug, Trenor, and O'Dell

move to dismiss for failure to state a claim, and Judge Fleenor moves to dismiss for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.

The final defendant, Benard, has not been served. Plaintiff was directed by the court to provide an address to serve Benard and warned that failure to comply would result in any claim against this defendant being dismissed without prejudice. (Dkt. No. 23.) The time to respond to this order has expired, and Wilson did not file any response. Additionally, the order was returned to the court as undeliverable with no forwarding address. (Dkt. No. 26.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-

2

23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Haug, Trenor, O'Dell Motion to Dismiss**

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the constitutional rights of another. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A claim under § 1983 requires factual details about each defendant's personal involvement in the violation of the plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Iqbal*, 556 U.S. at 676 (noting that liability under § 1983 "requires personal involvement").

Aside from being listed in the caption of the complaint, there are no specific facts pertaining to Haug, Trenor, or O'Dell alleged in the complaint. *See Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding that the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). General and collective allegations against groups of defendants fail to allege a plausible claim. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023). Accordingly, the motion to dismiss filed by these defendants will be granted.

**C. Judge Fleenor Motion to Dismiss**

Judge Fleenor moves to dismiss on the basis of judicial immunity. "Although somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments,

3

including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Marinaro v. Moore*, Civil Action No. 2:24cv1 (EWH), 2024 WL 5430834, at *8 n.4 (E.D. Va. Sept. 10, 2024). On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that jurisdiction is proper. *Richmond, Fredericksburg & Potomac, R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Supreme Court has held that judicial immunity applies to suits under § 1983. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). For judicial immunity to apply, two elements are required: first, that the action was not done "in the clear absence of all jurisdiction," and second, that the action is a "judicial act." *King v. Myers*, 973 F.2d 354, 356–57 (4th Cir. 1992) (quoting *Stump*, 534 U.S. at 357).

The court can take judicial notice of the fact that Judge Fleenor has presided over numerous criminal matters involving plaintiff in state court. *See* Floyd County Circuit Case Nos. CR14000168-02; CR14000169-02; CR21))))32-04; CR21000033-00; CR21000034-03; CR21000072-03. *See Hardy v. Streeval*, Civil Action No. 7:22cv00430, 2024 WL 1607501, at *1 n.2 (W.D. Va. Apr. 12, 2024) (noting that courts can take judicial notice of matters of public record on a Rule 12(b)(1) or Rule 12(b)(6) motion). Wilson's complaint does not contain any specific allegations pertaining to Judge Fleenor. Thus, the court can presume that Judge Fleenor was acting within his jurisdiction, and Wilson has not alleged anything to overcome that presumption. Accordingly, this motion to dismiss will also be granted.[1]

**D. Claims Against Benard**

As noted, Wilson was directed to provide an address for service for defendant Benard and warned that failure to comply would result in any claim against this defendant being dismissed

---

[1] In the alternative, Judge Fleenor is entitled to dismissal under Rule 12(b)(6) for the same reasons that the court has dismissed the claims against Haug, Trenor, and O'Dell.

without prejudice. Wilson did not comply so the court will dismiss Wilson's claims against Benard.

### III.  CONCLUSION

The court will issue an appropriate order granting the motions to dismiss and dismissing the claims in this matter without prejudice.

Entered: September 8, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge